IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL RAY REEVES, #B82558,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-02445-SMY |
| | ) |
| **LATOYA HUGHES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on two motions to reconsider filed by Plaintiff Michael Ray Reeves (Docs. 15, 16) and his motion for extension of time (Doc. 15). On December 3, 2024, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), concluding that Plaintiff failed to demonstrate he was in imminent danger of serious physical injury. (Doc. 14); *see* 28 U.S.C. § 1915(g). Plaintiff was ordered to pay the $405.00 filing fee in full no later than January 2, 2025, or this case would be dismissed.

Plaintiff challenges the Court's denial of his motion for leave to proceed IFP. He now asserts that despite the issuance of his permit for transportation in an ADA van, he *was* required to use non-ADA-approved vehicles for medical furloughs on 13 occasions since September 2024 (Doc. 15, p. 1; Doc. 16, p. 1) and that entering and exiting the non-ADA vehicles causes him serious pain. He argues that this places him in current imminent danger and that his request to proceed IFP should be granted. Plaintiff further requests an unspecified extension of time to obtain the list of furlough dates (Doc. 15).

In his Second Motion to Reconsider, Plaintiff states that the furlough department did not answer his request for information (Doc. 16, p. 1). This motion includes multiple other claims of

1

"imminent danger" in addition to the non-ADA vehicle transportation issue: alleged denials of medication; failure to send him off-site for medical treatment over the past year and seven months, denial of cataract surgery and gall bladder surgery; and uneven concrete slabs that cause him pain when his wheelchair goes over them, and failure of health care officials to respond to his sick call requests (Doc. 16, pp. 1-4). Plaintiff attaches documentation and his personal notes relevant to many of these complaints, showing that most originated in 2022, 2023, and March, June, and July 2024 (Doc. 16, pp. 6-7, 13, 15-17). Plaintiff's only recent complaint is that several sick call requests for medication renewal were not answered in December 2024 (Doc. 16, p. 9).

The Court construes Plaintiff's motions as motions to alter or amend its order pursuant to Federal Rule of Civil Procedure 59(e). Under Rule 59(e), a court may alter or amend an order if the movant demonstrates a manifest error of law or facts or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Plaintiff's assertion that he was required to use non-ADA transportation despite the issuance of his ADA van permit, if true, indicates that the Court erred in concluding that this did not take place. However, the additional matters raised in Plaintiff's second motion (Doc. 16) were previously evaluated by the Court and fail to meet the "imminent danger" standard (Doc. 14).

Before ruling on Plaintiff's motions to reconsider, the Court will allow him to present documentation of the dates when he was transported for medical furloughs in a non-ADA vehicle, from September 4, 2024 to the present, and any ill effects he suffered as a result. Plaintiff shall submit this documentation on or before **January 27, 2025**. This documentation may include Plaintiff's personal statement signed under penalty of perjury. The Court **RESERVES RULING** on the motions to reconsider the IFP denial (Docs. 15, 16) pending evaluation of Plaintiff's submission.

Plaintiff's request seeking an extension of time is **GRANTED** insofar as Plaintiff's January 2, 2025, deadline for payment of the filing fee is lifted. The Court will set a new fee payment deadline, if necessary, after ruling on the motion to reconsider the denial of IFP status.

**IT IS SO ORDERED.**

**DATED:  January 6, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**