IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL RAY REEVES, #B82558,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 24-cv-02445-SMY ) |
| **LATOYA HUGHES, et al.,** | ) ) |
| **Defendants.** | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's motions to reconsider the denial of his motion for leave to proceed *in forma pauperis* ("IFP") (Docs. 15, 16). The Court found that Plaintiff failed to overcome the three-strikes bar in 28 U.S.C. § 1915(g), denied the IFP motion, and ordered Plaintiff to pay the full $405.00 filing fee in order to proceed with this case (Doc. 14).

Plaintiff's assertion that he faces imminent danger of serious physical injury rests on his claim that despite obtaining an ADA van permit on September 4, 2024 (Doc. 1-1, p. 42), prison officials still required him to ride in a non-ADA vehicle for various medical furloughs and other movement. Plaintiff uses a wheelchair, and states that entering and exiting the non-ADA vehicles causes him serious pain because of his medical conditions. In ruling on the IFP motion, the Court found no suggestion from the Complaint allegations that Plaintiff was forced to use a non-ADA vehicle after the issuance of his permit.

In requesting reconsideration, Plaintiff claims that he was required to use non-ADA-approved vehicles for medical furloughs on 13 occasions since September 2024 (Doc. 15, p. 1; Doc. 16, p. 1). The Court construed Plaintiff's reconsideration motions as motions to alter or amend its Order under Federal Rule of Civil Procedure 59(e), reserved ruling on the motions, and

1

allowed Plaintiff to file supplemental documentation of the dates when he was transported for medical furloughs in a non-ADA vehicle after September 4, 2024, and any ill effects he suffered as a result (Doc. 17).

Plaintiff's response points to the Grievance Officer's report on Grievance No. K4-0524-2275, which states that Plaintiff "went out to multiple outside furloughs to various providers" on September 10, 2024, September 27, 2024, October 4, 2024, October 18, 2024, and November 27, 2024 (Doc. 18, p. 8). He claims that on each of these dates, he was taken either to the Menard Health Care Unit or to a medical furlough in a non-ADA van or a small compact car, rather than the ADA van (Doc. 18, p. 1). He further claims that he suffers from ankylosing spondylitis, and each time he goes out in a non-ADA van or small car it jars his neck, spine, hips, and shoulders, causing severe pain during the ride and continuing pain for weeks after each such trip (Doc. 18, p. 2).

Based on Plaintiff's supplemental allegations and documentation, the undersigned concludes that Plaintiff faces continued and imminent danger of serious physical injury each time he is transported in a non-ADA vehicle. As such, relief pursuant to Rule 59(e) is warranted. Plaintiff's motions for reconsideration (Docs. 15, 16) are therefore **GRANTED IN PART and DENIED IN PART** as follows:

(1) Plaintiff's motions to proceed IFP in this case (Docs. 3, 19) are **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $20.86. The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff's account to the Clerk of Court upon receipt of this Order. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from

any source) until the $350.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the $350.00 filing fee is paid. The Clerk is **DIRECTED** to send a copy of this Order to the Trust Fund Officer at the Menard Correctional Center upon entry of this Order.

(2) Plaintiff may proceed in this action **ONLY** on the claims related to the failure to honor his ADA van permit. Claims unrelated to the non-ADA vehicle transportation will be dismissed because Plaintiff has failed to demonstrate imminent danger of serious physical injury in relation to those claims, which include denial of cataract surgery and other medical treatment, denial of pain medication, refusal to provide grievance forms, improper handling of sick call requests, retaliation for filing grievances, and failure to repair his TV (Doc. 1, Doc. 14).

(3) Plaintiff's motion for recruitment of counsel (Doc. 20) is **DENIED** without prejudice. The Court previously found that Plaintiff has made reasonable efforts to locate counsel on his own (Doc. 14, p. 5). However, at this early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so recruitment of counsel would be premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). Should Plaintiff encounter difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel.

**IT IS SO ORDERED.**

**DATED: January 30, 2025**

                                                       *s/ Staci M. Yandle*
                                                       **STACI M. YANDLE**
                                                       **United States District Judge**