IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL RAY REEVES, #B82558,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-02445-SMY |
| | ) |
| **LATOYA HUGHES, JOHN BALDWIN,** | ) |
| **JON LOFTUS, KEVEN REICHERT,** | ) |
| **PATRICK KEANE, J. KUHNERT,** | ) |
| **DR. BUTALID, DR. SHARMA,** | ) |
| **A. CRANE, CONNIE DOLCE,** | ) |
| **N.P. MOLDENHAUER, N.P. CRANE,** | ) |
| **N.P. DEARMOND, KELLY PIERCE,** | ) |
| **TOBY MOHR, JESSE NURSE,** | ) |
| **JACOB GUETERSCOTT,** | ) |
| **ASHLEY MILEUR,** | ) |
| **JOHN/JANE DOE 1 (Nurse),** | ) |
| **COUNSELOR GREGSON,** | ) |
| **ANTHONY WILLS, and** | ) |
| **DR. SUTTERER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Ray Reeves is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center. He filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*.[1] (Doc. 1).

The Court initially denied Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP")

---

[1] Although Plaintiff mentions only the ADA, "the [RA] is available to him, and courts are supposed to analyze a litigant's claims and not just the legal theories that he propounds, especially when he is litigating *pro se*." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (internal citations omitted).

1

because he has accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g) (Doc. 14). Upon reconsideration, the Court granted Plaintiff's IFP motion, finding that he sufficiently alleged imminent danger of serious physical injury (Plaintiff, who uses a wheelchair, claims that he suffers serious pain when he is transported in a non-ADA vehicle) (Doc. 21).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint and in his motions for reconsideration regarding Menard officials' failure to transport him in an ADA-approved van[2] (Docs. 1, 16, 18): Plaintiff is age 70 and has been in a wheelchair since 2020. He suffers from ankylosing spondylitis which causes severe chronic pain and has other serious medical conditions. Plaintiff has been scheduled for medical furloughs to see providers outside the prison (Doc. 1, pp. 25, 43). He was denied the use of the ADA van on various occasions for these furloughs as well as for transportation to the Menard Health Care Unit ("HCU"), dating back to 2023 (Doc. 1, p. 25).

Plaintiff contacted Equip for Equality, who wrote on April 19, 2024 to inform Defendant Patrick Keane (Menard ADA Coordinator) that the lack of accessible transportation for Plaintiff

---

[2] As noted in the Orders at Docs. 14 and 21, the Complaint also includes allegations that Plaintiff was denied medical treatment for a variety of ailments, and that his constitutional rights were violated regarding non-medical matters (Doc. 1, pp. 25-34; Doc. 14, p. 1). The Court determined that those issues are not related to the non-ADA-van transportation matter and do not represent any imminent danger of serious physical injury to Plaintiff, thus they are not included here and will not be addressed further in this case (Doc. 14; Doc. 21, p. 3).

violated federal law, referencing an earlier letter of July 24, 2023 noting the same violation (Doc. 1, p. 42). Keane and J. Kuhnert (Assistant ADA Coordinator) continued to cancel several of Plaintiff's medical furloughs in 2023 and 2024 when an ADA vehicle was not available (Doc. 1, pp. 25, 28, 42-43; Doc. 1-1, pp. 28-29, 31-32). For other appointments in April-June 2023 and January 2024, Plaintiff was transported in a non-ADA vehicle. *Id*. When Plaintiff rides in a non-ADA vehicle, his neck, spine, hips, and shoulders are jarred and he suffers severe, excruciating pain during the trip and continuing for weeks afterward (Doc. 1, p. 36; Doc. 18, p. 2).

On September 4, 2024, Defendant Moldenhauer (Nurse Practitioner) issued Plaintiff a medical permit for the ADA van (Doc. 1-1, p. 42). However, the permit was not always honored and he continued to be taken to appointments in a non-ADA vehicle for medical furloughs or to the HCU (Doc. 18, pp. 1, 8; see also Doc. 1, p. 35). Defendants Keane, Kuhnert, Connie Dolce, and Moldenhauer denied Plaintiff the ADA van on 13 occasions after the issuance of his permit, when he was instead transported in a non-ADA van or a small compact car (Doc. 16, p. 1). Those dates included September 10, September 27, October 4, October 18, and November 17, 2024 (Doc. 18, pp. 1, 8).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference to serious medical needs claim against Keane, Kuhnert, Dolce, and Moldenhauer for requiring Plaintiff to ride in a non-ADA-approved vehicle to medical appointments, disregarding his ADA van medical permit, and causing him to suffer severe pain during and after such transportation. |
| Count 2: | ADA and/or RA claim against Keane, Kuhnert, Dolce, and Moldenhauer for failing to accommodate Plaintiff's disability by providing him with transportation in an ADA-approved vehicle as specified in his medical permit of September 4, 2024. |

3

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Plaintiff's Complaint includes numerous allegations against defendants who he does not associate with the ADA transportation issue. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, administrators cannot be held liable in a § 1983 action merely because their subordinate employees may have engaged in misconduct. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of *respondeat superior* – supervisory liability – does not apply to § 1983 actions). Accordingly, Defendants Baldwin, Loftus, Reichert, Butalid, Sharma, A. Crane, N.P. Crane, Dearmond, Pierce, Mohr, Jesse Nurse, Gueterscott, Mileur, John/Jane Doe 1, Gregson, and Sutterer will be dismissed from the case without prejudice because Plaintiff has not included any factual allegations suggesting that they denied him the use of an ADA-approved van.

### Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Plaintiff's painful arthritis and his reliance on a wheelchair for mobility qualify as objectively serious medical conditions. His allegations that Defendants Keane, Kuhnert, Dolce, and Moldenhauer caused him to be transported in a non-ADA-compliant vehicle despite knowing that he had a medical permit for an ADA vehicle due to his painful condition are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against these individuals.

### Count 2

Plaintiff's allegations are sufficient to state a viable ADA and/or RA claim. However, individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). Instead, the proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff has correctly included Latoya Hughes, in her official capacity as the IDOC Director, as a defendant; Count 2 will proceed only against her. The remaining defendants will be dismissed from this claim, as will all claims against Hughes in her individual capacity.

### Injunctive Relief

Because Plaintiff may be entitled to injunctive relief regarding his ADA/RA claims, Anthony Wills, as Warden of Menard Correctional Center, will remain as a defendant in his official capacity only. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). All claims against Wills in his individual capacity are dismissed without prejudice.

### Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities (Doc. 1, pp. 3-10). The ADA/RA claim is properly brought against IDOC Director Hughes in her official capacity. However, Plaintiff's claims for monetary damages may only be pursued against

state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against defendants Keane, Kuhnert, Dolce, and Moldenhauer are dismissed without prejudice.

## Disposition

The Complaint states colorable claims in Count 1 against Keane, Kuhnert, Dolce, and Moldenhauer; and in Count 2 against Hughes in her official capacity as the IDOC Director. Defendants John Baldwin, Jon Loftus, Keven Reichert, Dr. Butalid, Dr. Sharma, A. Crane, N.P. Crane, N.P. Dearmond, Kelly Pierce, Toby Mohr, Jesse Nurse, Jacob Gueterscott, Ashley Mileur, John/Jane Doe 1 Nurse, Counselor Gregson, and Dr. Sutterer are **DISMISSED** without prejudice.

The Clerk shall prepare for Latoya Hughes (official capacity only), Patrick Keane, J. Kuhnert, Connie Dolce, N.P. Moldenhauer, and Menard Warden Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: June 16, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.